UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE SWANSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06419-JST<br><br>**ORDER ADDRESSING RECENT PLEADINGS; DIRECTONS TO CLERK; REQUEST TO CONTRA COSTA COUNTY SHERIFF'S OFFICE**<br><br>Re: ECF Nos. 42, 43, 45-50, 54, 56 |

Plaintiff, a pretrial detainee housed at West County Detention Facility, has filed this *pro se* action. On September 29, 2023, the Court granted Defendants' motion to dismiss the amended complaint and dismissed the Fourteenth Amendment claim regarding his medical treatment, or lack thereof, with leave to amend and dismissed Contra Costa County and the remaining claims with prejudice. ECF No. 41. Plaintiff filed a second amended complaint on November 29, 2023. ECF No. 50. A motion to dismiss that complaint is now ripe. ECF Nos. 51, 53, 55. This order addresses Plaintiff's recent pleadings alleging mistreatment at the prison and making certain requests. ECF Nos. 42, 43, 45-50, 54, 56.

**DISCUSSION**

**I.    Allegations of Mistreatment**

Since the Court's September 29, 2023 Order, Plaintiff and his fiancé have filed numerous letters with the Court, alleging the following:

- he is not receiving court mail and other mail, ECF Nos. 42, 43, 45, 48, 49;
- he has been unsuccessful in filing grievances regarding his medical care, ECF No. 47;
- he has not been allowed to make copies, ECF No. 47; and
- he was improperly prescribed cortenema hydrocortisone, ECF No. 47.

1  The Court is limited in the relief that it can order in this action. The Court has jurisdiction only
2  over the parties in this action and may only consider the cognizable claims raised in this action.
3  Currently, there is no operative complaint and Contra Costa County has been dismissed as a
4  defendant. Plaintiff has been granted leave to file a second amended complaint to address the
5  deficiencies identified in his Fourteenth Amendment claim regarding his medical care. While the
6  remaining defendants, all Contra Costa County medical staff, remain in this action, there are
7  currently no claims against them. Accordingly, the Court cannot address Plaintiff's claims for
8  relief.

9  If Plaintiff seeks relief for lack of access to his mail or to the courts or for more instances
10 of inadequate medical treatment outside of what has been alleged in this action, he may file
11 separate actions seeking relief. The Clerk of the Court is directed to send Plaintiff two blank
12 copies of the Court's prisoner complaint form.

13 With respect to Plaintiff's claims that he has not received his mail, the Court requests that
14 Contra Costa County jail officials assist Plaintiff in receiving his mail in a timely manner. The
15 Clerk of the Court is directed to send a courtesy copy of this order to Contra Costa County Sheriff
16 David O. Livingston, at 1850 Muir Road, Martinez, CA 94533.

17 The Court will again send Plaintiff courtesy copies of the Court's recent orders (ECF Nos.
18 41, 44) under separate cover.

**II.     Plaintiff's Requests**

Plaintiff also makes the following requests:

– that the Court provide him with help because he has dyslexia and has been in special education schools his entire life, ECF No. 45;

– that the Court call his attorney Linda Fullerton, ECF No. 45;

– that the Court send him court orders with a tracking number and a signature verification requirement, so that his fiancé can track the Court mailings and verify whether the Contra Costa County Sheriff's Department has received the court mailings, ECF No. 46;

– that he be allowed to appear before the Court to summarize his case and to inform the Court of Contra Costa County's questionable handling of inmate mail and the questionable medical treatment that he has been provided, ECF No. 46;

|   |   |
|---|---|
| 1 | – that he be allowed to resubmit the second amended complaint he filed on November 29, 2023, ECF No. 52; |
| 2 | – that the Court provide assistance with his upcoming competency trial, ECF No. 54; and |
| 3 | – that the Court provide either "help" or a trial, ECF No. 56. |

The Court DENIES Plaintiff's requests for the following reasons.

The Court construes the request for help (ECF No. 45) as a request for assistance of counsel. The Court DENIES Plaintiff's requests for appointment of counsel for failure to demonstrate exceptional circumstances. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The likelihood of Plaintiff's success on the merits is unclear at this point and Plaintiff has been able to find assistance to articulate his claims *pro se*. The requests for appointment of counsel (ECF No. 45) is therefore denied for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.

The Court DENIES Plaintiff's request that the Court send his orders with a tracking number and signature verification requirement. ECF No. 46. The Court has served Plaintiff with court orders as required by Fed. R. Civ. P. 77(d), which does not require either a tracking number or signature verification upon receipt.

The Court DENIES Plaintiff's request that the Court call his attorney Linda Fullerton and his request for a hearing, presumably so that Plaintiff may present evidence supporting his

allegations of mistreatment. ECF Nos. 45, 46. There is currently no operative complaint and no pending motions, so taking evidence at this stage is premature.

The Court DENIES Plaintiff's request to resubmit his complaint because there is no need for that document to be filed again. Plaintiff successfully filed his second amended complaint on November 29, 2023. ECF No. 50.

The COURT denies Plaintiff's request that the Court provide assistance with Plaintiff's upcoming competency trial. ECF No. 54. This Court does not have jurisdiction over that proceeding.

The Court denies Plaintiff's request that the Court provide either "help" or "a trial." ECF No. 56. The Court is in the process of determining whether Plaintiff has plausibly alleged cognizable claims. The Court is not yet in a position to determine whether and when a trial will occur in this case.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES Plaintiff's request for counsel without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. ECF No. 45. The Court DENIES Plaintiff's request to send future court orders with a tracking number and signature verification upon receipt. ECF No. 46. The Court DENIES Plaintiff's request that the Court call his attorney Linda Fullerton, ECF No. 45, and his request for a hearing, ECF No. 46.

2. The Clerk of the Court is directed to send Plaintiff two blank copies of the Court's prisoner complaint form. The Clerk of the Court is also directed to send a courtesy copy of this order to Contra Costa County Sheriff David O. Livingston, at 1850 Muir Road, Martinez, CA

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

94533.  **With respect to Plaintiff's claims that he has not received his mail, the Court requests that Contra Costa County jail officials assist Plaintiff in receiving his mail in a timely manner.**

**IT IS SO ORDERED.**

Dated:  February 21, 2024



_____
JON S. TIGAR
United States District Judge